UNITED STATES of America, Plaintiff,

v.

Amparo B. BOUCHEY,
et al., Defendants.

Civil Action No. 94–952.

United States District Court,
District of Columbia.

Dec. 11, 1996.

---

Anthony M. Alexis, Sr., Assistant United States Attorney, Washington, DC, for plaintiff.

David G. Tripp, Mays & Valentine, Alexandria, VA, for defendant.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

Before the Court are the government's motion for summary judgment, defendant Bouchey's opposition thereto, defendant's motion to dismiss, the government's opposition thereto and reply on its own motion, and defendant's reply. Upon consideration of the entire record, the Court grants the government's motion and denies defendant's motion. Although "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56," Fed.R.Civ.P. 52(a), the Court nonetheless sets forth briefly its analysis.

### Background

A jury convicted defendant of conspiracy, in violation of 18 U.S.C. § 371, and conflict of interest, in violation of 18 U.S.C. § 208. (Defendant was acquitted on two counts, including aiding and abetting bribery.) The convictions stemmed from defendant's involvement as a government official in the approval of a government contract with her

codefendant John E. Ricche, in which defendant had a financial interest and while she was negotiating future employment with Ricche.[1]

The government subsequently brought this civil action against defendant Bouchey and two other defendants, Ricche and Wendell Harbour, alleging violations of the False Claims Act, 31 U.S.C. § 3729, entitlement to civil penalties under for conflict of interest, 18 U.S.C. § 216(b), and common law actions.[2] The government's complaint claims damages of $530,000 plus costs.

The government now seeks summary judgment against defendant in the amount of $50,000 under the conflict of interest law; to this end, the government asserts that it is willing to forego the remainder of its claims. Mem. in Support of Pl.'s Mot. for Summ. J. at 1. Defendant seeks dismissal of this action, contending that it violates the Double Jeopardy Clause of the Fifth Amendment.

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 321, 106 S.Ct. 2548, 2551, 91 L.Ed.2d 265 (1986). Because the issues raised by the present motions concern only questions of law, this matter is ripe for resolution on summary judgment.

Upon careful consideration of the entire record, the Court denies defendant's motion to dismiss, grants the government summary judgment with regard to the Count VI claim for a $50,000 penalty under the conflict of interest law, and dismisses, pursuant to Federal Rule of Civil Procedure 41(a)(2), the remainder of the government's claims.

## Discussion

Title 18 U.S.C. § 216(b) provides that:

The Attorney General may bring a civil action in the appropriate United States district court against any person who engages in conduct constituting an offense under section 203, 204, 205, 207, 208 or 209 of this title and, upon proof of such conduct by a preponderance of the evidence, such person shall be subject to a civil penalty of not more than $50,000 for each violation or the amount of compensation which the person received or offered for the prohibited conduct, whichever amount is greater. The imposition of a civil penalty under this subsection, does not preclude any other criminal or civil statutory, common law or administrative remedy, which is available by law to the United States or any other person.

Defendant was convicted of a violation of 18 U.S.C. § 208, and thus falls within the purview of section 216(b).

Defendant contends that the instant action is barred by the Double Jeopardy Clause of the Fifth Amendment of the Constitution. Under that clause, "a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." United States v. Halper, 490 U.S. 435, 448–49, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989). In order to establish a violation of the Fifth Amendment, defendant must show both (1) that the penalty the government seeks is "punishment," and (2) that there is successive prosecution. Because the Court finds that the civil penalty the government seeks is remedial compensation, and not punishment, the Court does not need to address the issue of whether this action is a successive prosecution.

Under Halper, a civil penalty is not punishment if it is imposed as a remedy for actual costs to the government that are attributable to the defendant's conduct.

[1]. The factual background of this case is discussed at length in the Court's August 23, 1994, Memorandum Order denying defendant Wendell Harbour's motion to dismiss the complaint and amended complaint.

[2]. On July 31, 1995, the Court approved a settlement agreement between the government and defendants Ricche and Harbour. Thus, Bouchey is the only defendant remaining in this case.

[T]he Government is entitled to rough remedial justice, that is, it may demand compensation according to somewhat imprecise formulas, such as reasonable liquidated damages or a fixed sum plus double damages, without being deemed to have imposed a second punishment for the purpose of double jeopardy analysis.

*Id.* at 446, 109 S.Ct. at 1900.

In that case, the Supreme Court held that a civil sanction of over $130,000 for false claims was not rationally related to a $535 loss to the government. The holding in *Halper* is narrow. *SEC v. Bilzerian,* 29 F.3d 689, 696 (D.C.Cir.1994). The Supreme Court wrote: "What we announce now is a rule for the rare case, the case such as the one before us, where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused. The rule is one of reason." *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902.

■ Defendant carries the burden of making a threshold showing of disproportionality; only in the rare case where such disproportion is shown does the burden of accounting for its damages and costs fall on the government. *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902. (where the penalty sought "bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as 'punishment' in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment"); *see also United States v. Morgan,* 51 F.3d 1105, 1115 (2d Cir.1995).

Defendant has not made this showing. First, her analysis that $530,000 plus costs and attorneys fees is overwhelmingly dispro-

portionate to the government's loss is inapposite, as the government now limits what it seeks to $50,000 and is willing to forego the remainder of its claims.

Second, defendant does not demonstrate that $50,000 is overwhelmingly disproportionate to the government's damages and expenses. The government alleges that, as a result of defendants' actions, it has sustained a direct pecuniary loss of $120,000 (not including costs and attorneys' fees). Thus, even including the $50,000 combined judgment that the government has already received from the other defendants, the fine sought from this defendant will still leave the government less than whole.[3]

■ Third, section 216(b) is not limited to recovery for pecuniary loss; rather, it is also intended to redress the government for damage to its character and standing on account of a defendant's actions. *See United States v. Moore,* 765 F.Supp. 1251, 1256–57 (E.D.Va.1991).[4] Moreover, leeway is given to achieve "'rough justice.'" *Morgan,* 51 F.3d at 1115 (citing *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902). The liquidated damages provision at issue here serves as a surrogate when the actual amount of loss to the government is difficult to ascertain. *Moore,* 765 F.Supp. at 1257 (citation omitted); *see also Continental Mgmt. Inc. v. United States,* 208 Ct.Cl. 501, 527 F.2d 613, 620 (Cl.Ct.1975) (citations omitted).

In sum, the $50,000 civil penalty the government seeks is not so divorced from what the government suffered in damages and expenses as to constitute punishment. *See Halper,* 490 U.S. at 442, 109 S.Ct. at 1898. Rather, the dollar amount of this compromise falls within the bounds of doing "rough justice." Consequently, double jeopardy protection does not attach.

---

3. Defendant contends that she has made a threshold showing of disproportionality because "[t]he Government has offered no evidence to show that it has suffered *any* remedial damaged caused by Ms. Bouchey's acts" and "there is no causal connection between Ms. Bouchey's participation in approving Ricche's contract and Ricche's subsequent false claims of $120,000 during performance of the contract." Def.'s Reply at 3. The Court finds this contention unsupported.

4. The government cites *Moore* for the proposition that "where a defendant has breached a fiduciary duty by committing a conflict of interest, almost any amount of damage would not be disproportionate to the harm caused to the Government." Pl.'s Opp'n at 4. Defendant's response that this argument proves too much and that, at some level, a fine would be disproportionate to the damage caused the government, does not satisfy her burden of making a threshold showing of disproportionality in this case.

■ Defendant also argues that the instant action is barred because the government did not seek restitution from defendant during the criminal proceeding, and because the Court, while able to impose a fine of between $2,000 and $250,000, waived the fine because of what it then considered to be defendant's inability to pay. Def.'s Mot. To Dismiss at 13–15, 14 n. 5., and Ex. D, Judgment in a Criminal Case at 4. Defendant, however, does not advance any authority that suggests this is relevant, and the Court finds it unpersuasive. *Cf. Moore*, 765 F.Supp. at 1253–54 (in context where defendant had plead guilty and government had agreed " 'not to seek or bring additional charges,' " court permitted subsequent civil action on the ground that "[h]ad the parties intended a release of civil claims, the agreement should, and easily could have referred specifically, to civil causes of action"). Moreover, 18 U.S.C. § 216(b) explicitly contemplates the use of a separate civil proceeding as a means of imposing a monetary penalty.

Accordingly, the Court denies defendant's motion to dismiss, grants the government's motion for summary judgement on Count VI, and dismisses, pursuant to Federal Rule of Civil Procedure 41(a)(2), the remainder of the government's claims. An appropriate Judgment accompanies this Memorandum Opinion.

### JUDGMENT

For the reasons stated in the accompanying Memorandum Opinion, it hereby is

ORDERED, that defendant Bouchey's motion to dismiss this action is denied. It hereby further is

ORDERED, that the government's motion for summary judgment on Count VI of the Complaint is granted. Judgment is granted against defendant Bouchey in the amount of $50,000. It hereby further is

ORDERED, that the remaining counts are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

SO ORDERED.